## JOHNSON v. VALLEAU.

No. 14537—Opinion Filed May 26, 1925.

**1. Appeal and Error—Review of Equity Case—Conclusiveness of Finding as to Fraud.**

Where fraud is relied upon as the basis for equitable relief, and the trial court after hearing the evidence, finds that the plaintiff did not rely upon the fraud complained of, this finding will not be disturbed by this court unless clearly against the weight of the evidence.

**2. Fraud—Essentials of Actionable Fraud.**

To constitute actionable fraud, it must be made to appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the plaintiff; (5) that plaintiff acted in reliance upon it; (6) that he thereby suffered injury; and (7) that all of these facts must be proven with a reasonable degree of certainty, and all of them must be found to exist; the absence of any of them would be fatal to a recovery. Wingate v. Render, 58 Okla. 656, 160 Pac. 614.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by H. C. Johnson against John F. Valleau for damages on account of fraud. Judgment for defendant, and plaintiff appeals. Affirmed.

Chastain, Harris, & Young, for plaintiff in error.

Wilson, Tomerlin & Threlkeld and S. S. Chandler, Jr., for defendant in error.

Opinion by THREADGILL, C. This action is for damages in the sum of $558.11, based upon fraud in selling plaintiff two lots, being 15 and 16 of block 7, of South Park addition to Oklahoma City, which were 25 foot lots, and representing that the two lots were 67 feet wide; that is, each lot was 33½ feet wide. The petition alleged that plaintiff relied on the representation of the defendant and his agent that the lots were 67 feet wide instead of 50 feet, and that he paid $1,700 cash, and gave his note, secured by mortgage on the lots with improvements, for $500, the balance due to be paid January 2, 1922, with 8% interest from May 14, 1921, until paid. That he did not discover the fraud till after the transaction was closed; that he had made

some valuable improvements on the property; that by reason of the lots being 17 feet less in width than they were represented by defendant to be, he was damaged in the sum of $558.11. In the second count plaintiff asked for $7.42, as items of expense in connection with the transaction, making the whole amount sued for the sum of $565.52. The action was brought after the note fell due and the defendant answered by general denial, and by cross-petition asked for judgment on the $500 note and foreclosure of the mortgage on the lots to satisfy the same. The cause was tried to the court without a jury January 25, 1923, and resulted in judgment for the defendant, and plaintiff brings the cause here by petition in error and case-made for review.

1. The principal contention of the plaintiff is that the judgment is not sustained by the evidence. Plaintiff relies upon defendant's fraud in representing that the lots were 67 feet wide when in fact they were only 50 feet wide. The testimony is sufficient to show that the agent of defendant represented to the plaintiff that the lots were 67 feet wide, but the question decisive of plaintiff's contention is whether or not he relied upon this representation in buying the lots. The defendant, Valleau, lived in California, and the real estate agent, F. L. Beatty. who made the deal for defendant with plaintiff told him he believed the lots were a little better than 50 feet wide and he and plaintiff made some effort in measuring them, plaintiff says with a string, estimated as a yard from the end of the nose to the end of the fingers of the outstretched arm and hand, and the agent says he stepped the lots in the presence of the plaintiff and these measurements did not show the lots to be 67 feet. The agent testified that plaintiff told him that he went to the courthouse records and found out that the lots were only 25 feet wide. Before the sale was closed an abstract of the property was placed in plaintiff's hands for his inspection which described the lots as 25 foot lots, but plaintiff says he did not examine the abstract. There is but one item of testimony to show that defendant represented that the lots were 67 feet wide. This was a little note left by the agent under the door or placed in the mail box for plaintiff which read as follows: "I have a telegram from Valleau. He said you can have one house for $800 or the three for $2,200, and the ground is 67 feet. You can find me at 227 West Reno about 5 o'clock. F. L. Beatty." There was no date on this note and the original tele-

gram could not be produced to corroborate the facts stated or assist in fixing the date, but this is immaterial since it is not denied that the note was received by plaintiff before the sale was closed. In closing the deal plaintiff prepared the mortgage himself on the lots, describing them by numbers, and makes no reference to the width and length in feet. There were three small houses on the premises renting for $45 a month. Plaintiff makes no complaint to the defendant of the fraud claimed in the action till demand was made upon him to pay the $500 note. The trial court found from all the facts and circumstances of the case that plaintiff was above the average in business intelligence and fully able to take care of himself in a trade, that he had rare ability in preparing the mortgage, wrote a good hand, had genius for spelling, was familiar with the laws of Arkansas as to a vendor's lien, and knew what was expected of him in the trade, and the court further found that plaintiff did not rely upon the fraudulent statement complained of, in buying the property, and we think the evidence is reasonably sufficient to sustain this finding of the court and the judgment rendered.

The rule applicable as to sufficiency of the evidence is stated in Ashton v. Board of County Commissioners of Murray County et al., 58 Okla. 259, 158 Pac. 901, as follows:

"Where fraud is relied upon as the basis for equitable relief, and the trial court, after hearing the evidence, finds that fraud has not been established, the appellate court will not disturb such finding, unless it is clearly against the weight of the evidence."

2. The evidence being sufficient to sustain the court's finding that the plaintiff did not rely upon the fraudulent statement complained of, in buying the property, the rule applicable to support the judgment is stated in the case of Wingate v. Render, 58 Okla. 656, 160 Pac. 614, as follows:

"To constitute actionable fraud, it must be made to appear; (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the plaintiff; (5) that plaintiff acted in reliance upon it; (6) that he thereby suffered injury; and (7) that all of these facts must be proven with a reasonable degree of certainty, and all of them must be found to exist; the absence of any of them would be fatal to a recovery."

The petition in error not being sustained,

we are of the opinion that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 900. (2) 26 C. J. p. 1062; 12 R. C. L. p. 240; 2 R. C. L. Supp. p. 1407; 4 R. C. L. Supp. p. 752; 5 R. C. L. Supp. 638.