## TYER p. CALDWELL.

No. 15629—Opinion Filed Dec. 1, 1925.

Rehearing Denied Jan. 12, 1926.

**1. Contracts—Interpretation — Intent of Parties.**

The paramount rule in the interpretation of contracts is to ascertain the intention of the parties and give effect to the same, if it can be done consistently with legal principles.

**2. Evidence — Parol Evidence to Explain Written Contract—Conversations.**

Section 5052, C. O. S. 1921, providing, "If the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it," authorizes parol evidence as to prior or contemporaneous conversations, for the purpose of determining the meaning and intention of the parties in the use of words employed in the written contract, but does not authorize the introduction of parol evidence to vary the terms of a written contract plain in their meaning, nor to show that the intent of the parties differed from that implied in the words used.

**3. Same—Defendant's Evidence in Rebuttal.**

Where plaintiff introduced evidence of the conversations and negotiations between the parties before the execution of the written contract, evidence of such conversations and negotiations is admissible on behalf of the defendant.

**4. Fraud—Elements of Actionable Fraud— Failure of Proof.**

To constitute actionable fraud it must be made to appear: That the defendant made a material representation; that it was false; that when he made it he knew it was false, or made it recklessly without any knowledge of its truth and as a positive assertion; that he made it with the intention that it should be acted upon by the plaintiff; that plaintiff acted in reliance upon it; that he there-

by suffered injury. Where the evidence of the plaintiff fails to establish one or more of these facts, it is reversible error to overrule the defendant's demurrer thereto.

**5. Appeal and Error—Reversal — When Dismissal Directed.**

Where it is apparent from the record that the claim of plaintiff cannot be sustained, on reversal the court will not remand for new trial, but will direct a dismissal.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by W. E. Caldwell against Shelton W. Tyer. From a judgment in favor of Caldwell, the defendant appeals. Reversed and remanded, with directions.

Dolman & Dyer, for plaintiff in error.

Beets & Darrough and Wm. G. Davisson, for defendant in error.

MASON, J. The defendant in error, W. E. Caldwell, hereafter referred to as the plaintiff, commenced this action in the lower court against the plaintiff in error, Shelton W. Tyer, hereafter referred to as the defendant, to recover damages in the sum of $663.95.

The facts in the case are substantially as follows:

The plaintiff purchased certain lands the title to which subsequently failed in an action brought against him by the owners thereof, who also recovered a judgment for $663.95, with interest, for rents and profits of said land during the time the plaintiff was in possession thereof. The defendant, Tyer, then purchased said lands from the owners, after which he approached the attorney for the plaintiff herein relative to selling said lands to the plaintiff, which resulted in the plaintiff paying the defendant a consideration of $1,500, and the defendant executing a deed in favor of the plaintiff to said lands. A release of judgment was also executed wherein the defendant, as "the beneficial owner of that certain judgment" above referred to, acknowledged a full and complete satisfaction thereof. Subsequently the plaintiff herein was forced to pay the amount of said judgment to the grantors of Tyer, who were the owners thereof, and the plaintiff commenced this action to recover said amount from Tyer, alleging that he "represented that' he was the beneficial owner of the judgment against the plaintiff and that he had the right and authority as owner of said judgment to release the same."

The plaintiff then alleged that the representation made by the defendant that he was "the beneficial owner" of said judgment was wholly false and without foundation, and that the plaintiff relied thereon, and was damaged in the sum of $663.95, for which he prayed judgment.

The defendant filed answer, consisting of a general denial and further allegations that if he signed the release of judgment as alleged in the plaintiff's petition, he did so acting by and with the advice of the plaintiff's attorney, and that said instrument was prepared and executed by the plaintiff and his attorney, and that the defendant signed the same at the instance and request of the plaintiff and his attorney, and that thereby the plaintiff was estopped from denying the facts therein set forth.

On the trial of the case the court, after both parties had presented their evidence, sustained the motion of the plaintiff for an instructed verdict and rendered judgment for the plaintiff for the full amount sued for, from which the defendant has duly perfected his appeal to this court.

On the trial of the case the defendant offered evidence to explain the release of judgment introduced by the plaintiff and what was intended by the parties to be accomplished thereby, and the circumstances surrounding its execution. The court sustained the objection of the attorney for the plaintiff that it was an attempt to vary the terms of a written instrument by parol evidence.

For reversal it is first contended by the plaintiff in error that the trial court erred in rejecting said evidence, which in substance, is as follows:

"That all negotiations relative to the sale of said property by Tyer to Caldwell were had between Tyer and the attorney for Caldwell; that said attorney informed Tyer that when he purchased said land he became the beneficial owner of the judgment later referred to in the release executed by Tyer; that in executing the said release he acted on the advice of said attorney for the plaintiff."

Defendant also offered to prove that the term "beneficial owner" in said release was used under the impression that by purchasing said land from the judgment creditors of Caldwell in an action relating to said land Tyer became the owner of an interest in said judgment.

We are of the opinion that the term "beneficial owner" cannot be satisfactorily explained by referring to the other portions of the release.

"Generally speaking, the cardinal rule in

the interpretation of contracts is to ascertain the intention of the parties, and to give effect to that intention, if it can be done consistently with legal principles. It has been said that to this paramount rule all others are subordinate. The parties should be bound for what they intended to be bound for and no more." 6 Ruling Case Law, par. 225.

This rule of construction does not apply when the language of the contract is plain and unambiguous, for the obvious reason that to do so would be to abandon the well-settled rule that prior or contemporaneous conversations are not admissible to contradict or vary the terms of a written instrument.

Under section, 5052, C. O. S. 1921, "if the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it," the testimony, rejected by the trial court, was admissible in this case. This section does not authorize the introduction of parol evidence to vary the terms of a written contract by showing the intent of the parties differed from that implied in the words used, but merely authorizes a consideration of the preliminary negotiations for the purpose of determining the meaning and intention of the parties in the use of words employed in the written contract. We must conclude that the evidence offered by the defendant was admissible and that the trial court erred in rejecting the same.

We think the evidence offered by the defendant, relative to preliminary conversation and negotiations between the defendant and the attorney for the plaintiff immediately prior to the execution of the release of judgment, was admissible on other grounds. An examination of the record discloses that said attorney, as a witness for the plaintiff, testified in detail as to said preliminary conversations and negotiations, and the plaintiff, having opened the door and availed himself of the benefit of such evidence, would be foreclosed from precluding the defendant from the benefit of such evidence. The rule is too well established to require the citation of authorities in support thereof that where the plaintiff introduces evidence of the conversations and negotiations between the parties before the execution of the written contract sued on, evidence of such conservations and negotiations is admissible on behalf of the defendant.

It is next urged that the verdict and judgment are not sustained by sufficient evidence and are contrary to law, and that the trial court erred in overruling the demurrer of

the defendant to the plaintiff's evidence, and erred in instructing the jury to render a verdict in favor of the plaintiff and against the defendant.

The plaintiff's case is based upon fraud. To constitute actionable fraud it must be made to appear: That defendant made a material representation; that it was false; that when he made it he knew it was false, or made it recklessly without any knowledge of its truth and as a positive assertion; that he made it with the intention that it should be acted upon by plaintiff; that plaintiff acted in reliance upon it; that he thereby suffered injury. All these facts must be proven with a reasonable degree of certainty, and all of them must be found to exist, as the absence of any of them would be fatal to a recovery. Wingate v. Render, 58 Okla. 656, 160 Pac. 614; Henry v. Collier, 69 Okla. 24; 169 Pac. 636; Cooper v. Gibson, 69 Okla. 105, 170 Pac. 220; Humphrey v. Baker, 71 Okla. 272, 176 Pac. 896.

The gist of a fraudulent representation is the producing of a false impression upon the mind of the other party. Chicago, R. I. & P. Ry. Co. v. Cotton, 62 Okla. 168, 162 Pac. 763.

In the trial of the case the attorney with whom the defendant had his negotiations was made a witness by the plaintiff and testified as follows:

"Q. What terms did you finally reach with Mr. Tyer? A. I paid Mr. Tyer $1,500. Q. What was he to do then? A. Assign the judgment, whatever interest he had in the Robinson case, and give a warranty deed to the land.; and my recollection is I made the draft on Mr. Caldwell with the deed attached for $1,500. Mr. Tyer and wife signed the deed. * * * Q. Tell what explanation Mr. Tyer made to you in connection with his relationship with that judgment against Mr. Caldwell. A. Mr. Tyer told me he purchased the land while the judgment was in favor of the minor Indians who brought that suit; that in making the trade he would release whatever interest he had in the judgment, and in consideration of which I drew the instrument which has been identified as the instrument releasing the mortgage."

This evidence is not contradicted by other evidence of the plaintiff.

It is apparent that the proof of the plaintiff did not meet the requirements necessary to constitute actionable fraud as above set forth.

We must conclude that the trial court erred in overruling the demurrer of the defendant to the plaintiff's evidence, and er-

red in instructing a verdict for the plaintiff. Therefore, the judgment of the trial court is reversed. Ordinarily such disposition of a case is followed by an order remanding it to the court below for new trial, but, with all the evidence before us on which plaintiff could possibly predicate the hope of recovery, and having concluded that there is an absence of necessary elements to entitle him to recovery, such order will not be made. The case will be remanded, however, with directions to dismiss the same.

NICHOLSON, C. J., BRANSON, V. C. J., and PHELPS, LESTER, HUNT, CLARK and RILEY, JJ., concur.