## HUGHES v. BRYSON et al.
### No. 7469.

Court of Civil Appeals of Texas. Austin.
June 18, 1930.

Coker & Wilson, of Dallas, for appellant.

Critz & Woodward, of Coleman, for appellee Bryson.

Shropshire & Adkins, of Brady, for appellee Hill.

BLAIR, J.

Appellant sued appellees upon four notes for $500 each, executed by appellee Mrs. Ellen E. Bryson and payable to appellant on April 1, 1925, 1926, 1927, and 1928, respectively, and for foreclosure of a deed of trust lien on 4,000 acres of land in Concho county, given by Mrs. Bryson to secure payment of the notes. Appellee T. Y. Hill later acquired Mrs. Bryson's title to the land, assuming certain indebtedness of which the notes in suit were alleged to be a part. Appellees answered that the consideration for the notes had failed because given for interest to subsequently accrue on a $20,000 note, which appellees had the option to and did pay before any interest represented by the notes had accrued.

The trial court found that through, oversight appellee T. Y. Hill failed to pay the $500 note due April 1, 1925, and rendered judgment against appellees for the amount of it, but denied appellant a recovery on the other three notes in suit; hence this appeal, which under the conclusion we have reached only involves the question of appellant's right to collect the last three mentioned notes in suit, and which question we have determined against appellant.

On April 1, 1921, appellee Mrs. Bryson borrowed $20,000 from appellant Hughes. The money was borrowed for seven years under an agreement for 9 per cent. interest per annum. Mrs. Bryson executed to Hughes one note for $20,000, representing the principal, with annual interest coupons for $1,300 each attached, which represented 6½ per cent. of the 9 per cent. interest due on the loan, and the principal note contained an option whereby it could be paid at the end of four years (April 1, 1925). She also executed as a part of the transaction and at the same time seven notes payable to Hughes on April 1, 1922, 1923, 1924, 1925, 1926, 1927, and 1928, respectively, for $500 each, which represented 2½ per cent. of the 9 per cent. interest per annum due on the loan, and these were secured by a second deed of trust lien on the 4,000 acres of land, the principal note being secured by a first deed of trust lien on the land executed at the same time, and all papers were filed for record on the same day and as a part of the same transaction, although neither deed of trust referred to the other. On March 31, 1925, appellee Hill exercised the option to pay the $20,000 principal note, and the $1,300 annual interest coupons attached were paid for each year, including the one due April 1, 1925, as well as all notes representing the 2½ per cent. of the 9 per cent. annual interest due on the loan maturing prior to April 1, 1925; and judgment for the one due April 1, 1925, was rendered against appellees herein, and concerning which judgment there is no complaint.

Appellant contends that under the undisputed facts above stated and when all the instruments connected with the loan are construed together, they evidence a contract on the part of the lender Hughes to loan his money for seven years and on the part of the borrower Mrs. Bryson to pay interest at a specified rate on said loan for seven years, with the further agreement for the benefit of the borrower, that in consideration of her paying the three unmatured second lien notes at their respective maturities as a bonus for such privilege, she might retire the loan before its maturity and thereby relieve herself of the payment of the greater portion of the

total rate of interest agreed to be paid for the loan, and that such contract is valid and should be enforced by requiring appellees to pay the notes as prayed for by appellant. Neither the written instruments nor the parol testimony given in connection therewith show that the parties intended to so contract; but to the contrary they intended to contract, as found by the trial court, that when the option to pay the principal note was exercised, its payment and discharge would necessarily discharge the notes representing the interest which would thereafter have accrued had the principal debt not been paid. Hughes represented himself and loaned his own money and the second lien notes in suit are not brokerage or commission notes as those terms are commonly used where one obtains a loan through a broker who represents a loan company or independent agency in procuring or lending money on farms, ranches, or other property. Those of the second lien notes that had matured represented interest as truly as did the annual interest coupons attached to the principal note; and those that matured after the payment of the principal notes represented interest accruing after payment of the principal note as truly as did the interest coupons attached to the principal note which would have accrued after the date of payment of the principal. Neither of the deeds of trust, nor any of the notes contained an express agreement that the exercise of the option to pay the principal note at the end of four years would not cancel the second lien notes in suit. Nor is there any language in either deed of trust, or any of the notes which would imply that the parties had so contracted. We do not think such a contract will be presumed from the mere fact that the notes were silent as to what constituted their consideration, and because they did not contain an express provision for their cancellation in the event the principal loan was paid at its optional date of payment. In fact, the contrary should be the rule, that, in absence of an express agreement contained in either one or the other deeds of trust, or in the face of the notes themselves, or in some character of binding contract, it will be presumed that the parties intended that interest notes, given for interest to accrue subsequent to payment of the principal loan under the option contract, will be discharged upon payment of the principal loan, no rights of innocent purchaser being involved. Such is the common sense of the matter, because it follows as a matter of common reason that, when a borrower pays the principal loan with all accrued interest at the agreed rate, no interest should thereafter accrue on the loan. Appellant makes no contention that the second lien notes in suit represented anything except interest that accrued on the loan after it was paid off. Mrs. Bryson's son, who negotiated the loan for her,

testified that he borrowed the money under agreement to pay 9 per cent. interest per annum; and that he learned of the second lien notes when appellant produced them for execution at the time the loan was closed and when all papers were executed.

Appellant relies upon the case of Elred v. Hart, 87 Ark. 534, 113 S. W. 213, but that case does not parallel this case in point of fact. There the borrower applied to a loan brokerage agency and appointed them as his agent to procure a loan for him, agreeing to pay 8 per cent. interest therefor, but also agreeing to execute second lien notes for 2½ per cent. of the 8 per cent. interest in consideration of the services rendered by the broker. No such facts exist here, because appellant loaned his own money and all notes were made payable to him, although he later transferred the principal note. The facts stated in the case cited would seem to furnish some basis for the decision that the parties intended that the second lien notes should be paid at their respective maturity dates, although the principal loan or note had been paid on the option date provided therein.

Appellant also relies on the case of Finerty Ins. Co. v. Athey, 89 Okl. 284, 215 P. 611, but the case is not in point, because the second mortgage or deed of trust given to secure the second lien interest notes there involved expressly stipulated that the exercise of the option to pay the principal loan or note would not cancel the second lien notes. If appellant had intended to bind the maker here to pay the notes given for interest accruing after the principal loan had been paid under the option, he should have so stipulated either in one or the other deeds of trust, or the notes themselves, or by legal contract to that effect.

The judgment of the trial court will be affirmed.

Affirmed.