## REED v. WASHINGTON FIDELITY NAT. INS. CO.

No. 22066. May 22, 1934.

C. P. Kimble, for plaintiff in error.

Harper & Lee, for defendant in error.

BAYLESS, J. Hilda Reed, plaintiff in error and the plaintiff below, referred to hereinafter as plaintiff, appeals from a judgment of the court of common pleas of Tulsa county, Okla., based upon the verdict of a jury, in favor of the Washington Fidelity National Insurance Company, a corporation, defendant in error and defendant below, herein called defendant.

The plaintiff, as a beneficiary of a life insurance policy, sues defendant insurer for the face of a policy issued upon the life of her husband, now deceased. The defendant pleaded accord and satisfaction, fraud, and misrepresentation in procuring the policy without informing the defendant that the in-

sured was suffering from disease and had consulted a physician with reference thereto within two years from the date the policy was issued, and other defenses. The reply of the plaintiff alleged the settlement upon which the plea of accord and satisfaction was based was obtained by fraud, duress, and unfair means.

The plaintiff urges as error the admission in evidence of a physician's testimony over the plaintiff's objection that it was a privileged communication. The defendant contends that error was committed by the trial court in permitting the cause to go to the jury. From the view we take of the case, it becomes necessary to discuss the question of the sufficiency of plaintiff's evidence only.

The plaintiff testified, in substance, that her husband had secured two insurance policies from the defendant, one in the sum of $145 and one in the sum of $292. That after her husband's death she presented her proof of loss to the defendant company, and afterwards an agent of defendant company approached the plaintiff and advised the plaintiff that plaintiff knew her husband was sick when he took out the policies, that she did not have any chance of collecting upon it, and that plaintiff had better accept any amount she could settle for; he first offered her $50, and later made another offer of $75; that the defendant's agent told plaintiff that the insurance company had more money than the plaintiff, and that plaintiff had better take what she could get out of it, and that if she did try to press her suit in court she would get the worse end of it, and would go to jail. Plaintiff refused these offers.

Several attempts were made on the part of the defendant thereafter to settle the claims. The plaintiff further testified she consulted two different attorneys with reference to the advisability of settling, consulted with her employer, and, over some period of time, there were numerous offers on the part of the defendant company. She finally went to the office of the defendant's agent, together with her minister and another friend, and accepted the sum of $145 and signed a release, which release provided in substance that the settlement was in full payment, satisfaction, discharge, and release of any and all claims against the defendant by reason of the issuance of said policies.

With reference to the proof necessary to establish fraud in the case of Littlefield v. Aiken, 130 Okla. 142, 265 P. 1054, we said:

"To constitute actionable fraud, it must be made to appear (1) that defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly without knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; (6) that he thereby suffered injury; and (7) all of these facts must be proved with a reasonable degree of certainty; the absence of any of them would be fatal to recovery."

See, also, Myers v. Garland, 128 Okla. 247, 262 P. 654; Porter v. Rott, 116 Okla. 3, 243 P. 160; Tyer v. Caldwell, 114 Okla. 13, 242 P. 760; Johnson v. Valleau, 110 Okla. 137, 236 P. 871.

We are of the opinion that all of the essential elements, as set forth in the above citation, have not been proved in the instant case.

As to the theory of duress, we do not think the evidence shows any facts which would warrant the court in submitting the cause to the jury on the theory of duress. Plaintiff testified that these statements were made to her the first time that the agent talked to her, yet she refused to accept the settlement and consulted with two different attorneys before the settlement was finally consummated.

In addition to that she testified that she consulted her neighbors, and at the time settlement was made she went to the office of the defendant together with another friend and her minister, at which time a settlement was made and at which time no threats were made by the defendant, and the circumstances concerning the final settlement completely refute the theory of duress.

We are not willing to permit settlements entered into between prospective litigants to be set aside on such slight evidence as in the instant case. We are of the opinion that the trial court should have sustained defendant's demurrer to the evidence, since the plaintiff wholly failed to introduce sufficient evidence to destroy the legal effect of the settlement previously entered into between plaintiff and defendant. The judgment is therefore in all respects affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur.