### ADAMS et al. v. FLETCHER et al.
### No. 8017.

Court of Civil Appeals of Texas. Austin.

Nov. 28, 1934.

Rehearing Denied March 27, 1935.

Chas. Nordyke, of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellees.

BAUGH, Justice.

Suit by appellees as holders of the last three of a series of ten notes, executed by

appellants on August 25, 1927, payable to the Temple Trust Company over a series of years ending September 1, 1937; and by the Temple Trust Company assigned to appellees. These notes bore 7 per cent. interest, with interest coupons attached, and their payment was secured by a first deed of trust on certain lands in Littlefield, Lamb county, Tex. Appellees alleged nonpayment of accrued interest, and matured their debt under the accelerating maturity clause of said notes and deed of trust.

Appellants plead usury, in that at the time of said transaction they executed a note for 3 per cent. additional interest on the total of said loan, which note was due and payable in installments, also containing an accelerating maturity provision, and was secured by a second deed of trust on the same property. It is not controverted that said notes and the two deeds of trust constituted but a single transaction, nor that the note secured by the second deed of trust was for interest only which would accrue in the future. The interest note was not sued upon, and is here involved only under the appellants' allegations that it, in conjunction with the series of notes secured by the first deed of trust, constituted a usurious transaction.

While there are some slight variations in the language used from that used in the notes before us in Walker v. Temple Trust Co. (Tex. Civ. App.) 60 S.W.(2d) 826, the identical question is, we think, presented in the instant case that was presented in the Walker Case, to which we refer without further discussion here. This case, in our opinion, is conclusively determined by the Walker Case, supra, and that of Hughes v. Bryson (Tex. Civ. App.) 29 S.W.(2d) 898, to which reference is also made.

Based upon the above-cited cases, the judgment of the trial court is affirmed.