## ADKINS et al. v. INVESTORS SYNDICATE.

No. 24662.   May 14, 1935.

Rehearing Denied December 24, 1935.

Application for Leave to File Second Petition for Rehearing Denied January 21, 1936.

Rollin E. Gish, for plaintiffs in error.

Charles L. Yancey, G. O. Spillers, Donald L. Brown, Henry M. Isaacs, and E. M. Calkin, for defendant in error.

PER CURIAM. This was a suit on a promissory note and to foreclose a real estate mortgage given to secure the same commenced by the defendant in error, plaintiff below, against Bessie B. Adkins and E. S. Adkins, Sunset Gardens Company, a corporation, Nu-Way Furnace Company, a corporation, Harvey Cross, and H. E. Ketcham. The defendants Adkins alone appeal. The orders of the trial court disposed of the interests of the other defendants subject to the determination of the questions on appeal herein.

The answer of the defendants Bessie B. Adkins and E. S, Adkins denies that the note was in default by reason of their failure to make payment of the principal and interest, and shows that certain payments were made on the note and certain amounts deducted from the principal amount borrowed, which if properly credited would prevent the note from being in default at the time of the institution of the action. As a part of this defense, these defendants allege that the amount charged as interest and the amount deducted from the principal as a commission should all be considered as interest, and if so charged would constitute usury. And written demand was incorporated in this part of the answer for the recovery of double amount of interest charged. A second defense was that the mortgage sued upon had been materially altered by the addition of property not included in the mortgage at the time of its execution by these defendants.

The court below considered the two questions raised in defense separately, and on the question af alteration of the mortgage the court sustained a demurrer on the theory that the alteration complained of was not shown by the evidence to be a material alteration.

These defendants admit the execution of the note in question and a mortgage. The mortgage contained a description of the property involved, and in the printed part of the mortgage was a clause including appurtenances and specifically mentioning "refrigerators and ice boxes." On the trial of the case, evidence was introduced tending to show that there had been added to this printed portion a typewritten portion as follows:

"It is specifically understood that this mortgage also covers the Frigidaire electric refrigeration system now installed in the residence located on the above-described premises," etc.

On hearing the testimony on this question, the court took the view that the matters stated in the typewritten portion were covered in the printed portion, and stated if the alteration was made as alleged, it would not have added anything to what the printed portion contained, and therefore it was not a material alteration. We have read the mortgage with due care and considered the same in connection with this alleged alteration. If this alteration placed any additional obligation on these defendants, or enlarged and changed materially the liability assumed by them, the matter should have been submitted to the jury. However, the materiality of the alteration was a question of law for the court. We cannot see where the additional words placed in the mortgage imposed any obligation upon these defendants other than what was already imposed upon them by the other provisions of the mortgage. The trial court assumed the burden of passing upon this legal question, and we cannot see that any error was committed in holding this a question of law.

This appears to be in line with previous decisions of the court and is sustained by sound reason. The rule laid down in Francen v. Oklahoma Star Oil Co., 80 Okla. 103, 194 P. 193, is as follows:

"This state in a long line of decisions is committed to the doctrine that, in order for an alteration to vitiate a written instrument, the alteration must be a material one." Orr et al. v. Murray et al., 95 Okla. 206, 219 P. 333; Bailey et al. v. Evans et al., 100 Okla, 278, 229 P. 221; and Richardson et al. v. Fellner et al., 9 Okla. 513, 60 P. 270.

The second proposition urged is that the contract was usurious. The note sued upon was for the principal sum of $14,000. It provided for interest at the rate of 7 per cent. per annum, and the note was payable

in payments of $140 per month until the principal and interest were paid, and therefore extended over a period of 152 months. At the time of execution of the note, an amount of $789 was deducted as commission. These defendants claim that this commission charge was in truth and in fact interest, and should be treated as such. The trial court treated this as interest, and then gave these defendants a credit for the same on the principal in such amount. Counsel for defendants insists that if the interest charged, together with the amount of $789, exceeded the legal rate of 10 per cent. for the first year, the contract was usurious, and by giving credit to these defendants for the amounts actually paid, together with the legal penalty for this charge of usury, the defendants would not have been in default at the time the suit was filed. The question resolves itself into what method of calculation should be indulged in, indetermining whether or not a contract is tainted with usury.

In Barnhart v. Richardson, 134 Okla. 19, 272 P. 418, this rule is laid down:

" 'The test as to whether a contract is usurious is: Does the interest charge agreed to be paid under the terms of the contract exceed the amount of interest that would accrue from the terms of the loan figured at the full legal contract rate? If it does exceed such amount, it is usurious; otherwise, it is not'."

This rule is quoted from Clement Mortgage Co. v. Johnston, 83 Okla. 153, 201 P. 247, and seems to be supported by the reasoning of this court in Garland v. Union Trust Co., 63 Okla. 243, 165 P. 197; Finerty Investment Co. v. Athey, 89 Okla. 284, 215 P. 611; Deming Investment Co. v. Reed, 72 Okla. 112, 179 P. 35; Covington v. Fisher, 22 Okla. 207, 97 P. 615; and Metz v. Winne, 15 Okla. 1, 79 P. 223.

This contract was made covering a period of 152 months. Interest at 7 per cent. over this period of time, plus the amount of $789 charged as commission, but considered by the trial court as interest, would not constitute an amount in excess of the legal rate of interest for this period of time. The conduct of these defendants matured the loan according to the terms of the note and mortgage at a date earlier than the original plan called for. If by such acts the parties obligated to the contract could cause the same to be considered illegal, that would be giving the parties to a note the benefit of their own breaching of the same. The law does not contemplate this, and the parties to a transaction have a right to rely upon the same being carried out as originally entered into, and, if legal at its inception, it should not be declared illegal by the action of the borrower in failing to make the payments as provided for. When this loan was consummated, it became a fixed investment, and if lived up to by the parties as originally made, no claim of illegality could be made against it. The fact that maturity was accelerated by the failure of the obligors to comply with the terms of the note should not render it questionable.

We feel that the trial court in following the method of calculation pursued in this case and directing a judgment for the plaintiff was pursuing the settled rule of this court.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Kelly Brown, Harry G. Davis, and Julian B. Fite in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Brown and approved by Mr. Davis and Mr. Fite, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BAYLESS, BUSBY, PHELPS, and GIBSON, JJ., concur.