**F. O. KETCHAM MORTGAGE CO. v. WALKER.**

No. 8252.

Court of Civil Appeals of Texas. Austin.

May 13, 1936.

Rehearing Denied June 3, 1936.

William H. Neary, of Dallas, for appellant.

J. C. Abney, of Lampasas, Thos. C. Ferguson, of Burnet, and Roy L. Walker, of Lampasas, for appellee.

BAUGH, Justice.

Appeal is from a judgment in favor of appellee, plaintiff below, against appellant for $1,164.68. The case arose as follows:

On September 1, 1931, Roy L. Walker borrowed from appellant mortgage company the sum of $18,000, for which he executed his note bearing interest from that date at the rate of 5½ per cent. per annum, payable as follows: $900 of the· principal and accrued interest on September 1st of each year from 1932 to 1940, and $9,900 with accrued interest on September 1, 1941. Payment of this note was secured by a deed of trust executed by Walker and wife on 2,555 acres of land in Burnet county, Tex. This note, together with the lien securing its payment, was, on September 30, 1931, assigned by said mortgage company to the Kansas City Life Insurance Company. The note and deed of trust contained accelerating maturity clauses in case of default of any annual payment provided therein. On the same date, Walker and wife executed another note for the principal sum of $2,092, representing 1½ per cent. interest on the principal note, payable in annual installments on September 1st of each year from 1932 to 1941, in sums annually decreasing in amount from $270 due September 1, 1932, to $148.50, due September 1, 1941. This latter note was secured by a second deed of trust on the same lands, which provided that same was subordinate to the first deed of trust; that if the borrower exercised his option given in the first deed of trust and principal note to reduce the amount of such principal note by payments thereon in excess of the $900 per year, then that the annual installments of the second note should be reduced proportionately. This second note and lien was retained by appellant, which acted for itself and as agent of the Kansas City Life Insurance Company in the collection from Walker of the sums due on both notes. Walker made the payments due on both notes on September 1, 1932, but became delinquent on those due September 1, 1933. Walker thereupon advised the insurance company through its agent that he could pay the interest due, but not the $900 installment due on the first principal note. The insurance company then agreed to forbear the payment of such installment of the principal due, if Walker would ·pay all accrued interest and immediately apply to the Federal Land Bank for a loan to pay off the principal note. This proposal was made with the full knowledge of the mortgage company. The mortgage company indicated ·to Walker that it would expect payment in full of its second note in case the principal note was paid off. This payment of the balance due on the mortgage company's $2,092 note, representing unearned future interest on the principal note, Walker declined to pay, and advised appellant that if such were to be exacted of him, he could not secure the loan from the Federal Land Bank, and that he would not proceed further with his effort to do so, unless the mortgage company would accept payment on its note of the interest actually earned to date of such payment. While it is con-, tended by appellant that the man who conducted these negotiations represented only the Kansas City Life Insurance Company, and not the appellant, we think it conclusively appears that the mortgage company was at all times fully apprised of the negotiations with Walker concerning the loan from the Federal Land Bank, acquiesced therein, and led Walker to believe that if he could secure such loan from the Federal Land Bank in a sufficient sum to pay the principal note and interest, and the interest earned to that date on the mortgage company's note, such payment would be accepted by it in discharge of its note. Thereupon, Walker, at considerable expense and inconvenience to himself, incurred with the knowledge of the mortgage company, completed his loan from the Federal Land Bank, executed new notes and deeds of trust on the land, had same recorded in Burnet county, procured vouchers from the land bank, and took same to the offices of appellant at Dallas to close the transaction. The mortgage company then refused to surrender its interest note or to assign or release its second lien, unless such note were paid in full. At this time Walker could not rescind nor set aside his transactions with the Federal Land Bank, except at considerable expense, inconvenience, and embarrassment to himself, injury to his credit, and at the risk of subsequent foreclosure against him on his lands. After considerable negotiations with appellant, in order to close the matter, Walker paid to the appellant the sum of $1,225, under protest, which was $1,164.68 more than the earned interest at 1½ per cent. then due on the principal note.

Thereafter Walker filed this suit against appellant and the Kansas City Life ˙Insurance Company, seeking ,to have the original loan declared usurious; and, in the alternative, to recover from appellant the $1,164.68 excess, he was compelled to pay it under the circumstances above outlined. Trial was to the court without a jury, and judgment rendered against Walker on the usury charge, but in his favor against appellant only ˙for the $1,164.68 excess paid

to it; hence this appeal. The trial court filed extensive findings of fact, but these are in the main summarized in statement above made.

■ Appellant's first propositions assert that there was no competent evidence that Clark, who represented both the Kansas City Life Insurance Company and the mortgage company in collections from 'Walker on both notes, had made a valid contract with Walker that if the latter would secure a loan from the Federal Land Bank and pay his principal indebtedness, the mortgage company would accept the amount due on its note to the date of such payment. We deem it unnecessary to discuss this issue for the reason that we think it is immaterial to a proper disposition of the case. Nor do we find it necessary to discuss the issue of estoppel which appellant insists cannot be set up against it. The doctrine of estoppel necessarily implies the existence of some legal right which the party against whom it is asserted would, but for his conduct, fraud, or acquiescence, otherwise have been entitled to enforce. If no such legal right exists, there can, of course, be no estoppel against it. We are clear in our conclusion that under the facts and circumstances of the instant case, appellant had no legal right to collect the unearned balance on the interest note it held.

The first note and deed of trust made no reference to the second. The second deed of trust expressly provided that it was subordinate to the first and gave to the holder of the second note the right, in case of default of the principal note, to pay such defaulting sum and so protect the holder of the second lien, but imposed upon it no obligation to do so. The only consideration for the second note and lien was the interest on the principal note thereafter to accrue. While both notes and liens were executed as a part of and constituted one transaction, when appellant assigned the first note and lien·to the Kansas City Life Insurance Company, it segregated the transaction to that extent and vested in the insurance company the right and authority to deal with· the maker of the principal note, independent of and in disregard of the second note and lien. The insurance company could have matured its debt under its terms, and could have foreclosed its lien or collected same without regard to the appellant's second note and lien. Or it could have accepted prepayment thereof before maturity. In such case, the payment of the principal debt would have abated or extinguished any right to future unearned interest on the principal, absent any question of innocent purchaser of the second lien note, which was for future interest only, or of contract to the contrary, neither of which appears in the instant case.

If appellant had owned both notes and liens and Walker had not been in arrears on his payments but had sought to prepay his indebtedness not yet due, the rule announced in Vela v. Shacklett (Tex.Com. App.) 12 S.W.(2d) 1007, would be applicable, and an additional sum could have been charged Walker for such prepayment privilege without constituting usury. But no such situation is here presented. On September 1, 1933, Walker was in default in the payment of his interest and the $900 due on the principal. The first lien on his land thereupon became subject to foreclosure. It is true that the life insurance company agreed "to grant an open extension on the past due principal installments in connection with the above numbered loan provided that you (Walker) will immediately apply for a Federal Loan to take up the indebtedness on this land," which proposal, accepted by Walker, was undoubtedly known to the mortgage company. Walker paid such interest and immediately applied for such loan. While this was not an express and unequivocal maturity by the holder of the principal debt, when Walker had complied with the condition imposed, it amounted to a maturity of it by the holder under its terms. Had Walker not complied with such condition, his lands could at any time have been subjected to a foreclosure for the entire debt due by him. His transactions, therefore, cannot be considered as a voluntary prepayment of his debt before its maturity.

■ When his principal debt was paid, upon demand by the holder, and as against a right of foreclosure which the insurance company clearly had, even though made through a loan from some other source, such payment would as a matter of law abate future unearned interest on the principal note so paid, even though such interest thereafter to become due was evidenced by separate notes, absent any question of an innocent purchaser. This has been expressly held in Hughes v. Bryson (Tex. Civ.App.) 29 S.W.(2d) 898; Walker v. Temple Trust Co. (Tex.Civ.App.) 60 S.

W.(2d) 826; Id., 124 Tex. 575, 80 S.W. (2d) 935.

■ That being true, and the Kansas City Life Insurance Company having demanded payment of its principal debt, Walker was entitled to discharge that debt by payment of the principal and interest then due. Appellant, therefore, acting not only for itself as holder of unearned interest notes, but as agent for the insurance company, had no legal right to exact of Walker the payment of unearned interest on the principal debt which had become due under its terms, and payment of which the holder thereof had demanded. The fact that appellant was in a position, because acting both for itself and as agent for the insurance company, to enforce payment of such unearned interest, or else subject Walker to loss and injury by his refusal to do, under the holding in Dale v. Simon (Tex.Com.App.) 267 S.W. 467, would perhaps amount to payment under duress. Regardless of that, however, Walker did pay to appellant under protest that which it was not legally entitled to demand, and he was therefore entitled to recover it back. The judgment of the trial court for the amount so paid in excess of what he owed was correct and is accordingly affirmed.

Affirmed.