**COMMERCE ACCEPTANCE COMPANY,**
Inc., a Corporation, Plaintiff in Error,

v.

Howard **CAMPBELL**, an Individual, doing business under the name of Muskogee Motors, Defendant in Error.

No. 39355.

Supreme Court of Oklahoma.

Jan. 23, 1962.

Julian B. Fite, A. Carl Robinson, Muskogee, for plaintiff in error.

Chester Norman, Chal Wheeler, Muskogee, for defendant in error.

WELCH, Justice.

On March 1, 1958, plaintiff, Howard Campbell, an individual doing business under the name of Muskogee Motors, and defendant, Commerce Acceptance Company, Inc., a corporation, entered into a general repurchase agreement, which among other covenants provided: that defendant would from time to time purchase all acceptable notes, chattel mortgages, conditional sales contracts, lease agreements or other security instruments acquired by plaintiff from retail purchases of automobiles, without recourse; that in event defendant repossessed any cars covered by said notes or for any reason, upon demand plaintiff would repurchase such cars for cash for the unpaid balance upon delivery of such cars at plaintiff's place of business, within 90 days after the maturity of the earliest installment unpaid at time of such delivery; that if defendant was required by law to keep any such cars for a specified time for redemption or any other reason, or if cars were held by or under the jurisdiction of any court for any period for any reason, plaintiff would accept delivery of such cars as soon as defendant could make delivery, notwithstanding such delivery could not be made within 90 day period; that a reserve be set up by defendant holding back certain percent of money due plaintiff, the reserve to be for protection of defendant on indebtedness by plaintiff by reason of endorsed notes representing deferred payments.

On June 4, 1958, plaintiff sold a new 1958 car to a Mr. Chuleewah. The purchaser

executed a chattel mortgage and note in the amount of $3,936.34, which represented the unpaid balance. The note and mortgage were purchased by the defendant according to agreement above referred to. The payment due on September 24, 1958, was not paid. Defendant had some difficulty in locating the car, however on December 2, 1958, it was located in storage in Oceanside, California. The storage company refused delivery and replevin was necessary. Possession was not obtained until December 22, 1958, by defendant's attorney in Oceanside, California. The car was then returned to Oklahoma and delivered to plaintiff by defendant on January 5, 1959. Demand was made upon plaintiff to repurchase, but plaintiff refused. The automobile was subsequently sold at public sale for $2,550.00 on March 16, 1959. Defendant charged plaintiff's reserve account, on deposit with defendant, the sum of $1,331.71, which represented the balance due on the note and mortgage.

It is for the above sum of $1,331.71, that plaintiff brought the original action which was tried by the court. Judgment was entered for plaintiff and defendant prosecutes this appeal.

Defendant contends that plaintiff was obligated to accept delivery of this car and purchase same from defendant for cash for the unpaid balance of the notes relating thereto, and his failure and refusal so to do constituted a breach of the contract which justified defendant in charging plaintiff's dealer's reserve account with the balance due on the note after selling the automobile at public sale.

■ This court has held in many cases that the intention of the parties to a contract controls its interpretation. Romans v. Shannon, 80 Okl. 199, 195 P. 298; Tyer v. Caldwell, 114 Okl. 13, 242 P. 760; Harjo v. Harjo, 207 Okl. 73, 247 P.2d 522.

■ It is our opinion that the agreement herein clearly reveals that it was the intent of the parties that in event delivery of the repossessed car was delayed by necessary court procedure, as was the case here, that the car would be accepted by plaintiff as soon as delivery could be made by the defendant.

There is no evidence of record that delivery could have been made any sooner than it was, therefore, we must assume that the trial court based its finding upon the fact that the car was not delivered within the 90 days provided for in the agreement.

In the instant case it was held for a period of up to within two days of delivery date in the State of California, while delivery was to be made in Oklahoma. We construe the agreement to mean under such circumstances that plaintiff would accept the car as soon as defendant could make delivery, which according to the evidence was January 5, 1959.

■ It is the duty of the court to enforce valid contracts voluntarily entered into, in the absence of fraud or mistake, and the courts have no authority to relieve parties of their solemn obligations, assumed under such contracts. Finerty Investment Co. et al. v. Athey et al., 89 Okl. 284, 215 P. 611.

■ In a jury waived case, Supreme Court will examine evidence only to determine whether there is any competent evidence reasonably supporting trial court's findings and judgment, where there is no evidence to support findings, judgment will be reversed. Retail Merchants Ass'n etc. v. Peterman, 186 Okl. 560, 99 P.2d 130.

There being no evidence of record that the car could have been delivered to plaintiff any sooner than it was, after possession was recovered by defendant through court procedure, there would be no evidence to support the judgment of the trial court.

■ In his brief plaintiff renewed the motion previously filed and denied, to dismiss this appeal on the ground that the casemade was not filed in the trial court. Affidavits with reference to that issue show that after the trial judge had signed the "CERTIFICATE OF TRIAL JUDGE," in which, among other things, he directed that

the casemade "* * * be attested by the Court Clerk of Muskogee County, Oklahoma, and filed according to law," one of the attorneys for plaintiff took the casemade to the Court Clerk's office and placed it in the hands of one of his deputies, for the apparent purpose of compliance with said certificate. The deputy attested the casemade, but failed to stamp or mark it filed. We think that under such circumstances the casemade was filed, both under general principles of law and under our statutes (Tit. 12 O.S.1951 §§ 956, 958, and 960); and we so hold. In this connection see Tucker v. Thraves, 45 Okl. 209, 145 P. 784.

Therefore for the reasons hereinabove stated, judgment is reversed and the cause remanded to the trial court with directions to enter judgment for defendant.

Reversed and remanded.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.