## HECKMAN v. McQUEEN et al.

No. 6504.   Opinion Filed April 18, 1916.

(157 Pac. 139.)

**APPEAL AND ERROR—Review—Questions of Fact.** Evidence examined and **held** to support the judgment.

(Syllabus by Burford, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge:*

Action by Wash McQueen against P. E. Heckman to have certain instruments declared mortgages. Judgment for plaintiff. On his death Mamie A. McQueen and others, his heirs, were substituted as plaintiffs. Defendant brings error. Affirmed.

*Vernor & Vernor,* for plaintiff in error.

*Chas. F. Runyan,* for defendants in error.

Opinion by BURFORD, C.  This was an action by Wash McQueen to have certain instruments which were upon their face absolute conveyances of real estate reformed and declared to be mortgages given as security for the payment of certain debts.  There was a trial to the court, and judgment was rendered for the plaintiff declaring the deeds to be mortgages and fixing the am ' nt due thereon.  Thereafter, the death of the plaintiff being suggested, the action was revived in the name of the heirs, and the cause is brought here by the defendant below for review.  The sole assignment of error is that the judgment of the trial court is not supported by the evidence.

The judges now sitting in this division of the commission have severally examined the record upon this

question. Although in a case of purely equitable cognizance this court will review the evidence, the judgment of the trial court ought not ordinarily to be set aside unless it is clearly wrong. The evidence in the case at bar was very unsatisfactory, but after a careful review we are not willing to say that the evidence on behalf of the defendant below was of such a clear and convincing character that we ought to set aside the findings and judgment of the chancellor, who heard and saw the witnesses who testified.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.