### HARJO v. WILLIBEY et al.

No. 19284. Opinion Filed Sept. 17, 1929.

W. H. Woods, Davis & Frazier, D. B. Welty, and Beets, Wetzel & Marlin, for plaintiff in error.

Wallace F. Pardoe and Grady Lewis, for defendant in error Board of County Commissioners.

Horace B. Clay and Davidson & Williams, for defendant in error H. F. Wilcox Oil & Gas Company.

Thrift & Davenport, for defendant in error Charles T. Schrader.

JEFFREY, C. This action was commenced by Yarma Harjo against George R. Willibey, Bart Foster, and Carlos E. Foster, constituting the board of county commissioners of Creek county, and various other holders of leasehold interest and rights of way, to cancel certain instruments of conveyance affecting title to 160 acres of land in Creek county, and for other relief. The parties will be referred to in the order in

which they appeared in the trial court. The land involved was the allotment of Melene Harjo, a full-blood Creek Indian. She died testate August 22, 1912. She left surviving her plaintiff, a brother, and Lydia Cates, her mother, but she left a will by which all of her allotment was devised to plaintiff. On the 26th day of August, 1912, plaintiff and Lydia Cates executed a warranty deed covering the land to A. H. Purdy. On the 19th day of December, 1913, A. H. Purdy, by warranty deed, conveyed the land in question to Albert Kelly, and on the 5th day of March, 1914, Kelly conveyed the land to the board of county commissioners of Creek county, and since said time it has been used by said county as a county poor farm. The petition alleged, in substance, that there was no delivery of the deed from plaintiff to A. H. Purdy; that the deed was obtained through fraud and mistake; that the consideration was inadequate to support the conveyance; that the deed was procured under circumstances and upon representations which constitute its execution a forgery in the second degree, under the law of this state; and that the defendants were not innocent purchasers. The several defendants filed their answers, in which they generally denied the allegations of the petition, pleaded reliance upon the recorded deeds from plaintiff, estoppel, and that they and each of them were innocent purchasers for value. The cause was tried to the court without a jury. At the conclusion of plaintiff's evidence, the defendants interposed a demurrer, which was by the court sustained. Judgment having been duly entered against plaintiff, he has appealed.

In discussing the various propositions presented by plaintiff, they will be considered in the light of the repeated holdings of this court to the effect that, in the trial of an equity action or a law action where a jury is waived, a demurrer to plaintiff's evidence is in the nature of a motion for judgment upon plaintiff's evidence, and in such case it is the trial court's duty to weigh the evidence and decide the questions of fact there presented, and if the court is of the opinion that the defendant should prevail, such finding and judgment will not be disturbed on appeal if supported by sufficient evidence regardless of whether there is some evidence to the contrary. Tiger v. Ward, 60 Okla. 36, 158 Pac. 941; Lowrance v. Henry, 75 Okla. 250, 182 Pac. 489; Penny v. Vost, 108 Okla. 103, 234 Pac. 601; Nolan v. Mathis et al., 134 Okla. 70, 272 Pac. 857; Winans v. Harn et al., 136 Okla. 5, 275 Pac. 618.

Plaintiff's first proposition is that there was no delivery of the deed from plaintiff and Lydia Cates to A. H. Purdy. It is contended in this connection that, in securing the deed, Purdy made certain statements and representations, which amounted to conditions that the deed would not be delivered until such conditions were performed. It is stated that these conditions were that the deed would have to be approved by the probate court having jurisdiction of the settlement of the estate of Melene Harjo; that the land described in the deed must be appraised, the heirs of Melene Harjo determined, and a consideration equal to the appraised value of the land paid. Plaintiff's evidence in this connection was substantially as follows: Plaintiff testified that Purdy stated to him that plaintiff owned a three-fourths interest in the land, and that his mother, Lydia Cates, owned a one-fourth interest, and that the deed would have to be approved by the probate court. The deed was executed and placed in the hands of Purdy on August 26th. Purdy filed it for record on August 27th. On August 26th, plaintiff and his mother verified, under oath, a petition to have the deed approved, which was signed by William L. Cheatham, their attorney; and on August 30th, the court made an order reciting that said petitioners appeared by their counsel, Cheatham; recited that they had conveyed their interest in the lands of Melene Harjo by warranty deed, which deed was delivered to the court pending the approval thereof, and, after reciting numerous other facts, approved the conveyance. The order of the court also recited that the consideration for the deed was $1,500, which amount was also recited in the deed; that $790 had been paid to the legal representative of Melene Harjo, and that the balance is secured by a vendor's lien on the land. Plaintiff testified that the consideration was to be $1,500, and that at the time he executed the deed, Purdy paid him $25, and promised to pay him more when the deed was approved. The record further shows that on October 19, 1912, plaintiff executed a quitclaim deed to Purdy, which deed recited that it was given for the purpose of quitclaiming a certain order of the county court made on the 30th day of August, 1912, in which it was ordered that a vendor's lien be against the land for $710 as a part of the purchase price, and the quit-claim deed acknowledged the full payment of said amount.

In the case of Johnson v. Craig, 37 Okla. 378, 130 Pac. 581, it is held:

"Where there is a question as to whether there had been a delivery of a deed of conveyance, the real test is the intention of the grantor, which intention may be manifested by mere acts or by words or both combined, and such acts and words and the circumstances relevant thereto are susceptible of parol proof."

The text is more succinctly stated in 9 Am. & Eng. Ency. of Law (2nd Ed.) at page 154, as follows:

"Did the grantor by his acts or words, or both, intend to divest himself of title? If so, the deed is delivered."

Under the evidence in this case, we can reach no other conclusion but that plaintiff intended to divest himself of title to the lands in question. There is nothing in the negotiations leading up to the execution of the deed in the nature of a condition precedent to delivery unless it be the statement of Purdy that the deed would have to be approved by the county court. This was done, whether necessary or not, and the fact that the approval was not had until three days after the deed was filed for record is immaterial, in view of all the facts and circumstances of the case.

Counsel for plaintiff cite and rely upon the case of McKinney v. Bluford, 81 Okla. 166, 197 Pac. 430, as sustaining their contention on the question of delivery. We are unable to make such application of that case. The only circumstances in that case tending to establish an intention on the part of the grantor to divest himself of title, was the mere fact that when he executed the deed, he left it in possession of the grantee, and this was coupled with an understanding that they would meet at the probate court on the following day to have the deed approved and the money paid. That case is indeed near the border line on the question of delivery, and while there may be some question as to whether the facts justify the conclusions reached, it is certain that the court employed the correct test, to wit: Did the grantor intend to divest himself of title, or was there a condition to be performed? To this extent we are supported by that case.

It is next contended that the deed from plaintiff and Lydia Cates to A. H. Purdy was obtained through fraud and mistake, and for that reason was void. In the absence of fraud, misrepresentation and the like, a mistake of law will not ordinarily relieve either party from a contract voluntarily entered into. Tiger v. Lozier, 124 Okla. 260, 256 Pac. 727. The only evidence in the record, which would tend to support the contention that the deed was obtained through fraud and mistake, was the testimony of the plaintiff to the effect that Purdy represented that plaintiff's interest in the land amounted to 120 acres, and that of his mother, Lydia Cates, was 40 acres. It is contended that plaintiff relied upon this representation and was induced thereby to execute the deed for the consideration therein stated. If there was any mistake in the transaction, it was one of law, and under the settled rule is insufficient to afford plaintiff relief in the absence of fraud or misrepresentation, and may be eliminated from further consideration.

It is the foregoing statements made by Purdy as to plaintiff's interest in the land that are relied upon to establish that the deed was obtained by fraud. Whether this testimony standing alone is sufficient to warrant a recovery on the ground of fraud, we need not here decide. There are many other facts and circumstances disclosed by the record that remove all reasonable doubt that misrepresentation as to plaintiff's interest in the land did not induce plaintiff to execute the deed in question. Plaintiff testified that Melene Harjo had advised him that she was going to will her allotment to him; that he called upon John W. Overstreet, an attorney of Bristow, to go out and prepare such a will for Melene Harjo. Overstreet took with him Mr. Conner, United States Commissioner from Tulsa, whose fees for his services were paid by plaintiff. The will was dictated by Overstreet, and written out in long hand by Conner. Plaintiff was present, but says that he did not hear the will read or did not understand what he heard. He testified at the trial that he did not know that the will gave him all of the land, and did not find out until some days later. Upon further inquiry, he stated that Purdy was the first to advise him that his sister had given him all of the land, and that he was so advised about three or four days after his sister's death. The deed in question was not executed until four days after his sister's death. Plaintiff further testified that he sold this land to Purdy for $1,500, and that he would have been satisfied if Purdy had paid the entire purchase price. It is true that plaintiff is a full-blood Creek Indian 38 years of age, and he testified that he could read, speak and understand but very little of the English language. However, his attorney, Overstreet, testified that he had always communicated with plaintiff in English; that he had no difficulty in communicating with

him. He further stated that at the time the will was drawn and executed, plaintiff was his client, told him what sort of will to draw, and that plaintiff was present when the will was dictated, written and executed, and that there was no Indian talk employed on that occasion. Plaintiff gave a portion of his testimony in the trial of the case without an interpreter, and appears to know the English language well enough to speak and understand an ordinary conversation. It is the rule that evidence, in order to support an allegation of fraud, must be clear, cogent and convincing. Sanders v. Rhea, 119 Okla. 208, 259 Pac. 350. Plaintiff's evidence falls far short of the requirement. It is plain to see why the trial court found that the deed was not obtained by fraud. There was no proof that Purdy knew anything about the will until several days after the death of the deceased, and that only by the testimony of plaintiff. There is ample proof from several sources that plaintiff knew all about it from the beginning. The evidence under either the rule of law or equity would have supported a specific finding that plaintiff knew as much, if not more, about his interest in the land than he claimed Purdy represented to know. The will was filed for probate on August 23, 1912, and later duly admitted. It is difficult to overlook the fact that plaintiff, under these circumstances, waited more than 12 years to make known his complaint.

Plaintiff's next contention is that the consideration was inadequate to support the conveyance. According to plaintiff's evidence, the purchase price agreed upon between plaintiff and Purdy was $1,500. He further testified that Purdy only paid him $25 at the time he executed the deed, a similar sum at a later date, and gave him a wagon, pair of mules and harness. The fact that the entire consideration was not paid at the time the deed was executed is immaterial here. To sustain plaintiff's contention, it must be said that $1,500 was inadequate as a consideration to support the deed. Mere inadequacy of consideration, unaccompanied by fraud or duress, is insufficient of itself to set aside a deed voluntarily and regularly executed. Oliver v. Collin, 123 Okla. 33, 251 Pac. 729; Watashe v. Tiger, 88 Okla. 77, 211 Pac. 415; McKeever v. Carter, 53 Okla. 360, 157 Pac. 56. However, it has been held that where the inadequacy is so gross as to shock the conscience, and such as to furnish satisfactory and decisive evidence of fraud, it will be a sufficient ground for canceling a convey-

ance. One witness testified that the land was worth $50 or $60 an acre, and we assume that the witness referred to the time the land was conveyed to Purdy. The record shows that on August 26, 1912, plaintiff conveyed the land to Purdy for $1,500. On December 19, 1913, Purdy conveyed the land to Kelly for $6,000, and on March 5, 1914, Kelly conveyed the land to the board of county commissioners of Creek county for $8,950. There was a considerable variation in the prices paid for the land over a period of about one and one-half years. Considering time as an element, there is about as great a difference between the prices paid by Kelly and the board of county commissioners as between the prices paid by Purdy and Kelly. On October 19, 1912, as heretofore stated, plaintiff executed a quitclaim deed to Purdy acknowledging a full payment of the purchase price, and released a purported vendor's lien, and at the trial of the case, plaintiff, in substance, testified that all he was complaining about was the fact that he had not received all of the purchase price which Purdy had obligated himself to pay. Under these circumstances, the consideration is not so inadequate as to shock the conscience and furnish any evidence of fraud.

Plaintiff's next proposition is that the deed from plaintiff and Lydia Cates to Purdy was procured under circumstances and upon representations which constitute its execution a forgery in the second degree under the law of this state. Section 2095, C. O. S. 1921, provides, in substance, that the procuring from another his signature to an instrument by false representations, artifice or deceit, where the false making of the instrument would be forgery, and which the party would not have executed had he known the facts and the effect of the instrument, amounts to forgery in the second degree. In support of this proposition, counsel refer to the testimony of plaintiff to the effect that Purdy stated that plaintiff owned a three-fourths interest and his mother a one-fourth interest in the land; that he did not know the contents of the will, but relied upon the representation and executed the deed. But there are other facts and circumstances hereinbefore referred to which indicate very strongly that plaintiff knew he owned the entire title to the land, and intended to convey the land for the price agreed upon. These facts and circumstances are abundant to support the court's finding that the representations made by Purdy did not induce plaintiff to execute the deed. This being true the court's finding and judgment

amounting to a verdict upon the issues of fact will not be disturbed here. Our views herein expressed render it unnecessary to pass upon the question of innocent purchasers. We find no reversible error in the record. The judgment of the trial court is affirmed. .

HERR, DIFFENDAFFER, HALL, and REID, Commissioners, concur.

By the Court: It is so ordered.