### RANSOM v. FIELDS.

No. 22345. Sept. 18, 1934.

Leo G. Mann and C. J. Brown, for plaintiff in error.

Shirk, Danner & Fowler, for defendant in error.

PER CURIAM. This is an appeal by the plaintiff from the judgment of the district court of Oklahoma county setting aside a deed as to certain property and refusing to set it aside as to other.

Plaintiff filed his petition on the 28th day of August, 1930. Answer was filed in due time and the issues being joined, the cause was tried to Hon. W. G. Long, assigned judge, without a jury, and judgment rendered granting plaintiff relief in part and denying relief as to the balance of his claim.

The undisputed facts appear to be that plaintiff had for a long time prior to the beginning of the suit been the owner of lots B, D, and E, Weesner's addition to Oklahoma City; that he had failed to pay his taxes thereon for a long time; that on the 23rd day of July, 1930, defendant wrote plaintiff a letter, as follows:

. "Oklahoma City, July 23, 1930.
"Mr. W. K. Ransom,
"Nashville, Tenn.

"I have just bought two small tracts of land described as blocks E and D, Weesner's addition to Oklahoma City. In looking over the title my attorney finds that you owned these tracts about ten or twelve years ago, and they were sold for taxes and parties who owned these tracts now have a deed from the city. These titles are perfectly good, but as a rule we like to get a quitclaim from the party who lost lots or tracts.

"I'm writing to ask you to give me a quitclaim deed to these small parcels of

land. I'm willing to give you $25 for your time and trouble to do this. If you are not willing to do this, we will have to have the court quiet the title for us, but it will cost about the same as I'm offering you, and I would rather give it to you as the courts.

"If you are willing to give me a deed let me know by return mail and I'll have the papers fixed up for you to sign and send to you at once.

"I certainly will appreciate this favor if you will do this for me as it will clear up my title at once and I can get a perfect abstract.

"Yours very truly,
"Fanny M. Fields."

That on July 28, 1930, plaintiff answered this letter as follows:

"Nashville, Tenn.
"7-28-30.
"Fanny M. Fields,
"Oklahoma City, Okla.

"Yours of 23rd rec'd and will say I am sorry to hear you have a tax deed to the lots in Weesner addition. I am planning to return to Okla City in a short time, so I had the lots looked up. I was cashier of the American State Bank of Capital Hill also associated with American National Bank of Okla City, and they assure me help in getting the lots again, and their attorney will be at my disposal. They at present are investigating the lots and I will hear in a few days their decision. I will confess I should not have let the taxes accumulate, but I did, and will confess my fault, but should I want to pay the city the tax and penalty I feel that I have wronged no one. I have one proposition to make you without regard to the finding of my banker, and will take the consequences regardless of what they find the value to be. You deposit $100 in any bank you prefer, execute your quitclaim deed, and send to me and I will properly sign and send to the bank. I feel this fair as it will cover part of my loss, and will clear your title to your satisfaction. Should you care to do this the matter will be settled forever, and your title will have no cloud. Kindly let me hear by return mail so I can notify my banker and settle the matter without further delay.

"Thanking you for your letter, I beg to be,

"Sincerely, W. K. Ransom."

That defendant had a quitclaim deed prepared and sent it to plaintiff upon his offer, to be executed and returned to the bank with draft attached for collection; that plaintiff did execute the deed, send it to the bank, and receive the $100 in return; that at about this time, or shortly afterwards, oil developments in the vicinity of that field made the lots more valuable; that plaintiff

came on, and after investigating the matter, brought this suit to cancel the deed:

(1) Because it was obtained by fraud and misrepresentation;

(2) Because of inadequacy of consideration;

(3) Because the quitclaim deed had been materially altered.

On the question of fraud in obtaining the quitclaim deed, the evidence of plaintiff, considered with the letter which he received from defendant, tends to support his contention that he was misled as to what title defendant had, and as to the condition of his own title, while the evidence of defendant tends to support her contention that she acted in good faith and did not misrepresent the facts.

Fraud is never presumed, but must be proved by clear and satisfactory evidence, and, when the transaction is fairly susceptible to two constructions, the one which will free it from imputations of fraud will be adopted. Oliver v. Collins, 123 Okla. 33, 251 P. 729.

In this jurisdiction, where fraud is alleged in the procuring of a written instrument, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing evidence and repel all presumptions of good faith. Littlefield v. Aiken, 130 Okla. 142, 265 P. 1054.

It appears from an examination of the two letters that plaintiff was not misled by the representations of defendant, because he did not act upon them, but made a counter proposition of his own.

It is apparent from this letter that plaintiff had some misgivings as to the claims of defendant in her letter, and did not rely and act upon them, but relied and acted upon his own judgment. That being so, he is not in a position now to predicate fraud upon this letter.

On the question of inadequacy of consideration, the evidence of plaintiff is that the tract of land in controversy contained about 12 lots; that the surface value of these lots was $250 each, and the oil royalty value about $800 a lot; that this value was produced by the bringing in of additional oil wells near the property about the time plaintiff's deed to defendant was executed and filed.

Defendant's evidence was that these blocks were worth not to exceed $100 each at the time the deed was executed; that

parties were willing to lease the blocks with an option to pay $100 a block, provided they could get enough to get a well drilled, but that outside of the oil development they had no value.

Generally, mere inadequacy of consideration in the absence of fraud or duress is not sufficient ground to void a deed voluntarily and regularly executed.

Inadequacy of consideration alone is not sufficient to justify the rescission or cancellation of a deed regularly executed. Oliver v. Collins, supra; Littlefield v. Aiken, supra; Harjo v. Willibey, 138 Okla. 212, 281 P. 265.

The evidence being sharply in conflict, and there being competent evidence that the consideration was not grossly inadequate, the judgment should not be disturbed for that reason.

Plaintiff contended in his petition that the deed had been altered by the insertion of additional property and was therefore void, and offered evidence tending to support this allegation. The evidence of defendant was that the deed was prepared at the direction of Judge Phelps of the firm of Shirk, Danner & Phelps, by Lynda Hooker, a stenographer in their office, and that the deed at the time of trial was in the same condition and contained identically the same property as it did when signed by plaintiff. This conflict in the evidence was for the trial court.

There is a conflict in the evidence as to whether the minds of the parties met upon the sale of lot B, the court finding for the plaintiff upon that issue and ordering the deed canceled as to that tract, but sustaining the deed in all other particulars.

In this jurisdiction, where fraud is alleged in the procuring of a written instrument, the proof must sustain the allegations by a preponderance of the evidence so great as to overcome all opposing evidence and repel all opposing presumptions of good faith. Littlefield v. Aiken, supra.

From the evidence in the case, when measured by this authority, it cannot be said plaintiff sustained this burden of proof, and was therefore not entitled to have the deed canceled in full.

Other contentions are made, but it is not deemed necessary to discuss them in this opinion.

No fundamental error appearing, the cause is affirmed.

The Supreme Court acknowledges the aid of Judge Will H. Chappell, who assisted in the preparation of this opinion. Judge Chappell's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion as written was adopted by the court.