## NOBLIN et al. v. WILSON.

No. 29250. April 2, 1940.

Rehearing Denied April 30, 1940.

*101 P. 2d 805.*

R. A. Wilkerson, of Pryor, for plaintiffs in error.

Ernest R. Brown, of Pryor, for defendant in error.

PER CURIAM. The plaintiff was a widow and had resided on the premises which she owned as her homestead for a number of years. She traded this homestead to the defendants, Nelce Noblin and Katie Noblin, for a plot of land owned by them and deeds were executed in evidence of such transaction and delivered to the defendants, Nelce Noblin and Katie Noblin, who had them recorded.

On the 29th day of November, 1937, plaintiff filed her action to cancel the deed executed by her. Nelce Noblin and his wife were made parties defendant. Irvin McClellan was also made party defendant. At the conclusion of the trial to the court without the intervention of a jury, the court sustained a motion to dismiss as to the defendant McClellan and entered judgment for the plaintiff canceling the deed to the land conveyed by the plaintiff to the defendants Noblin. Certain damages were also sought, but this part of the action was apparently abandoned and no judgment for damages was entered by the court. Defendants Noblin and Katie Noblin have appealed.

There is evidence to the effect that the plaintiff was 69 years of age, was inexperienced in real estate values, and did not know the value of the land she was acquiring; that the defendants Noblin traded the plaintiff a plot of land in Delaware county worth $150 for land in Mayes county reasonably worth $1,000; that the title to the land delivered by the defendants was defective, and that there was fraud and misrepresentation as to the value of the land traded by the defendants Nelce Noblin and Katie Noblin, and that Nelce Noblin represented to the plaintiff that the United States Government had caused the land to be appraised, and that it could be sold for $1,200 or $1,500, and that plaintiff was led to believe by the said representations of Nelce Noblin that there was a government project by reason of which she could immediately realize on a sale of the land the approximate value of $1,500, as said land was to be used as a government or Indian reservation.

The sole question presented is whether the evidence is sufficient to sustain the finding of the trial court. Defendants contend that mere inadequacy of price is not sufficient to authorize a court of equity to set aside a deed, and in support thereof cite Littlefield v. Aiken, 130 Okla. 142, 265 P. 1054; Ranson v. Fields, 169 Okla. 68, 35 P. 2d 935, and other cases. We think the above cases clearly distinguishable from the case at bar, for there is evidence of misrepresentations as to the value of the land to be traded, coupled with the inadequacy of price. As was said by this court in Marshall v. Grayson, 64 Okla. 45, 166 P. 86, where there is a gross inadequacy or a total want of consideration, slight evidence of fraud or undue influence will justify the cancellation of a deed where its enforcement would shock the conscience of the court. Clark v. O'Toole, 20 Okla. 319, 94 P. 547, was a case in which the parties traded land under a situation somewhat similar to that in the case at bar, although the cases are to be distinguished on a fact situation, and therein the court announced the rule as follows:

"In an action for rescission and cancellation, where the proof adduced by plaintiffs shows that they were the owners of a tract of land in Oklahoma; that defendants were the owners of a tract of land in Missouri; that, relying on certain false and fraudulent representations made by defendant to plaintiffs, they mutually agreed to and did exchange said lands together with warranty deeds therefor; that the lands in Missouri were shortly thereafter ascertained by plaintiffs not to be as represented and a part thereof wholly worthless; that thereupon plaintiffs promptly notified defendants to that effect, and offered to rescind the trade and reconvey the lands to defendants; that said lands had been kept by them in statu quo—is sufficient to prove a prima facie cause of action and a demurrer to the evidence, sustained by the trial court, was error."

In Potter v. Ertel, 80 Okla. 67, 194 P. 201, the court said:

"This court, in the case of Heckman v. McQueen, 57 Okla. 303, 157 P. 139, said:

" 'Although in a case of purely equitable cognizance this court will review the evidence, the judgment of the trial court ought not ordinarily to be set aside unless it is clearly wrong. The evidence in the case at bar was very unsatisfactory, but after a careful review, we are not willing to say that the evidence on behalf of the defendants below was of such a clear and convincing character that we ought to set aside the findings and judgment of the chancellor, who heard and saw the witnesses who testified'."

In Fickel v. Webb, 146 Okla. 16, 293 P. 206, it is stated:

"Courts will not by reason of the insufficiency of the consideration to support a contract make a new contract for the parties or cancel contracts which have been inadvertently made, but if the consideration is so small as to appear to be unconscionable, the smallness of the consideration may be looked to as evidencing a fraud or undue influence practiced by the party benefiting by the contract. The rule has been thus stated in Morton v. Roberts, 88 Okla. 263, 213 P. 297:

" 'Ordinarily mere inadequacy of consideration is not sufficient ground in itself to justify a court in canceling a deed, yet when the inadequacy is so gross as to amount to fraud, or, in the absence of other circumstances, to shock the conscience and furnish satisfactory and decisive evidence of fraud, it will be sufficient ground for canceling a conveyance.'

"The rule has been otherwise stated as:

" 'It (fraud) may be apparent from the intrinsic nature and subject of the bargain itself; such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other; which are unequitable and unconscientious bargains; and of such even the common law has taken notice. * * *' Chesterfield v. Janssen, 2 Ves. 125, 28 Reprint 82.

"To the same effect are Bruner v. Cobb, 37 Okla. 228, 131 P. 165, L.R.A. 1916D, 377; Barker v. Wiseman, 51 Okla. 645, 151 P. 1047; Clayton v. Oberlander,

59 Okla. 35, 157 P. 929; Guinan v. Readdy, 79 Okla. 111, 191 P. 602; Paulter v. Manuel, 25 Okla. 59, 108 P. 749; White v. Armstrong, 102 Okla. 156, 227 P. 130; Boles v. Nash, 145 Okla. 120, 291 P. 800; Bispham's Principles of Equity, sec. 219; Pomeroy's Equity Jurisprudence (4th Ed.) sec. 923."

The leading case in this jurisdiction is Bruner v. Cobb, supra. There is a review of authorities on the subject in Boles v. Nash, supra, which cites Bruner v. Cobb, supra. We think it unnecessary to present again the many arguments contained in the cases on this subject.

It is sufficient, under the rules announced above, to state that, under the facts and circumstances of this case, considering the representations made by the defendant Nelce Noblin, the age and inexperience of plaintiff and all of the other evidence which was before the trial court, we are unable to say that the finding of the court is against the clear weight of the evidence and the judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur.