## SIMS v. RUSSWORM.

No. 30908. April 13, 1943.

*136 P. 2d 942.*

Paul Pugh and Darrell Winings, both of Oklahoma City, for plaintiff in error.

E. Blumhagen, of Watonga, for defendant in error.

BAYLESS, J. Blanche Sims, claiming to be the devisee of certain real estate under the will of Ida Howard, deceased, filed an action in the district court of Blaine county against Andrew Russworm to cancel a deed from Ida Howard to Russworm conveying this property. The cause of action was based

on fraud on two premises: (1) undue influence, and (2) lack of consideration. Russworm defended by an answer admitting all the allegations of the petition except those relating to fraud, undue influence, and lack of consideration; and cross-petitioned to have his title quieted. The trial judge sustained Russworm's demurrer to plaintiff's evidence, and she appeals. However, the trial judge refused to enter judgment quieting title in Russworm on his cross-petition.

The evidence introduced by plaintiff went to three principal points: (1) Ida Howard was a colored woman, born in slavery, who was without knowledge of her true age, that she had been ill and confined to her bed the greater part of the time since 1926, all of which tended to render her incompetent to transact business; (2) the lack of kinship between Ida Howard and Russworm, but the existence of a course of friendly business relations, from which a fiduciary relationship could be said to exist; and (3) the lack of any consideration beyond $1 paid for 80 acres of land admittedly worth $640 or more.

Plaintiff calls our attention to Bruner v. Cobb, 37 Okla. 228, 131 P. 165; Powell v. Hughes, 189 Okla. 241, 116 P. 2d 896; Graff v. Holliday, 172 Okla. 503, 45 P. 2d 1065; Noblin v. Wilson, 187 Okla. 173, 101 P. 2d 805; Boles v. Nash, 145 Okla. 120, 291 P. 800; and Griffith v. Scott, 128 Okla. 125, 261 P. 371, and from them argues that they support a rule that where a third person obtains a deed from an aged person, who, while not entirely incompetent, nevertheless lacks entire capacity, for a grossly inadequate consideration, when there are circumstances which would lead the grantor to rely on the grantee, courts of equity will interfere to set aside the conveyance at the behest of the representatives or heirs of the grantor.

We observe it is said in Graff v. Holliday, supra:

"It may be stated as settled law that where there is a great weakness of mind in a person executing a conveyance of land, arising from age, sickness, and any other cause; though not amounting to absolute disqualification, and the consideration given for the property is grossly inadequate, a court of equity will, upon proper and seasonable application of the injured party or his representatives or heirs, interfere and set the conveyance aside."

And in Griffith v. Scott, supra:

"Where it is shown that a transfer of property was obtained from an aged person by one experienced in business transactions, and in whom the grantor reposed confidence and was acting upon the suggestion and advice of the grantee at the time of the execution of the claimed transfer, though such confidential relation arose upon an acquaintanceship of short duration to the time of the transaction, and that no consideration or a very inadequate consideration was paid the grantor; and there is apparent a marked disparity between the parties in mentality as by experience in business affairs, although the transaction could not have been impeached if no such confidential relation had existed, a very strong presumption of fraud arises, and unless it is successfully rebutted, a court of equity will set aside the deed so obtained."

With these rules before us, and taking into account that Russworm, by his demurrer, admitted the truth of plaintiff's evidence as well as all reasonable inferences to be drawn therefrom, we are of the opinion that the trial court erred in rendering judgment as he did. We are of the opinion that Russworm owed the duty of rebutting the presumptions that arose from the transaction, especially since it virtually stands admitted he gave no more than one dollar for this land.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

CORN, C. J., GIBSON, V. C. J., and HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, and WELCH, JJ., absent.