RUSSWORM v. SIMS.

No. 31926. Dec. 4, 1945.

*164 P. 2d 238.*

E. Blumhagen, of Watonga, for plaintiff in error.

Paul Pugh and Darrell Winings, both of Oklahoma City, and M. W. Pugh, of Marlow, for defendant in error.

CORN, J. This is an action by Blanche Sims to cancel a deed to real estate upon claim of title as devisee under the will of Ida Howard, deceased, against Andrew Russworm, grantee of said deceased, the cause of action being based on fraud on two premises: (1) undue influence, and (2) lack of consideration. Russworm defended by answer admitting all the allegations of the petition, except those relating to fraud, undue influence, and lack of consideration; and cross-petitioned to have his title quieted.

This case is here the second time on appeal. The first appeal was from a judgment of the court sustaining a demurrer to plaintiff's evidence. That judgment was reversed and the cause remanded for further proceedings. Sims v. Russworm, 192 Okla. 330, 136 P. 2d 942. Subsequently, the cause was tried, and judgment was rendered for the plaintiff, canceling and setting aside the deed, and assessing the costs against the defendant, but ordering plaintiff to pay defendant $93, the amount which the court found had been expended by the defendant on behalf of deceased in consideration for the deed. The parties will be referred to herein as they appeared in the trial court.

For reversal of the judgment it is contended: (1) That the judgment is against the clear weight of the evidence, and (2) that the deed was supported by sufficient consideration.

A summary of the evidence is contained in the oral findings, conclusions, and judgment of the trial court, as follows:

"The evidence in this case discloses that Ida Howard, the grantor of the deed in the case, was born in Tennessee, probably before the close of the Civil War. She died in April, 1938, at probably about the age of eighty-five years; possibly older; at least somewhere between seventy-six and ninety-six years of age. For a period of about eight years before her death, she was more or less an invalid. She lived in a two-room house on the farm that is involved in this action. Her husband had pre-deceased her. Also, a boy born of the marriage died before her death. One of the witnesses, Nettie Howard, had lived with her for a number of years before her death, for the purpose of assisting her in the household duties and taking care of deceased. The evidence shows that she was unable to read on account of bad eyesight. At the time the deed was executed she was bedfast; was propped up in the bed at the time the deed was signed. The probability is that she was almost wholly without education or business ability. The defendant in this case is a young man thirty-nine years of age, well educated; a man of considerable business affairs, and a bright intelligent man. It seems that the idea of this conveyance was that, in view of the conveyance, he should look after and provide for her proper funeral. Now the land was worth approximately between $800.00 and $1,000.00. The defendant's testimony is that the only outlay that he expended or incurred was the payment of doctor bill of $68.00 and the furnishing of the funeral, which was reasonably worth $25.00, so in truth and in fact the consideration would not exceed $93.00."

"It is the court's opinion, gentlemen, that that was a grossly inadequate consideration sufficient in that, as the saying is, to shock the conscience of the court. And it is the court's conclusion also that, in the transaction, the deceased was over-reached by the defendant. The deed will be set aside upon condition that the plaintiff pay to the defendant the sum of $93.00 to reimburse him for the outlay and expense incurred. Let judgment go for the plaintiff upon that condition."

An examination of the record discloses that the above is a correct statement of the pertinent facts in the case. It is clear from the evidence that the grantor was an aged and infirm woman of meagre education and experience in business transactions; that the grantee was an intelligent, capable, and experienced business man in the prime of

life and of his business career; that he took title to the 80 acres of land upon the promise that he, being an undertaker, would give her a decent funeral and burial. A few months before her demise she was taken to the home of the plaintiff, Blanche Sims, in Indianapolis, Ind., where she was given proper care in a comfortable home. At the death of decedent the plaintiff purchased a casket and shipped the body back to Watonga for burial, and the defendant provided the funeral, for which services he charged the sum of $25. Had the defendant furnished the casket the consideration would still have been grossly inadequate.

The facts in this case bring it clearly within the rule announced in the former appeal, Sims v. Russworm, supra, and the defendant's evidence fails to rebut the presumption of fraud under the facts and circumstances shown.

There was some evidence to the effect that the decedent was able to be up and around the place at times, and that she sent word to Russworm that she wanted to see him, and when he came out to see her, she talked to him about her burial. There is no evidence indicating that Russworm took the initiative in bringing about the transaction, but it is evident that he took advantage of her weakness of mind and inexperience in business dealings, and drove a bargain which equity will not uphold.

In Graff v. Holliday, 172 Okla. 503, 45 P. 2d 1065, this court said:

"It may be stated as settled law that where there is a great weakness of mind in a person executing a conveyance of land, arising from age, sickness, and any other cause, though not amounting to absolute disqualification, and the consideration given for the property is grossly inadequate, a court of equity will, upon proper and seasonable application of the injured party or his representatives or heirs, interfere and set the conveyance aside."

In Griffith v. Scott, 128 Okla. 125, 261 P. 371, it is said:

"Where it is shown that a transfer of property was obtained from an aged person by one experienced in business transactions, and in whom the grantor reposed confidence and was acting upon the suggestion and advice of the grantee at the time of the execution of the claimed transfer, though such confidential relation arose upon an acquaintanceship of short duration to the time of the transaction, and that no consideration or a very inadequate consideration was paid the grantor, and there is apparent marked disparity between the parties in mentality as by experience in business affairs, although the transaction could not have been impeached if no such confidential relation had existed, a very strong presumption of fraud arises, and unless it is successfully rebutted, a court of equity will set aside the deed so obtained."

Also see Bruner v. Cobb, 37 Okla. 228, 131 P. 165; Boles v. Nash, 145 Okla. 120, 291 P. 800; Noblin v. Wilson, 187 Okla. 173, 101 P. 2d 805; Powell v. Hughes, 189 Okla. 241, 116 P. 2d 896; Weitz v. Moulden, 109 Okla. 119, 234 P. 583.

In view of the situation here presented and of the well-established principles of equity applicable thereto, the judgment of the trial court should be, and is, affirmed.

GIBSON, C. J., HURST, V. C. J., and DAVISON and ARNOLD, JJ., concur.