Mrs. N. L. NOBLE, Plaintiff in Error,

v.

Vernon E. BURNET and Bernice K. Burnet, Defendants in Error.

No. 36748.

Supreme Court of Oklahoma.

Feb. 21, 1956.

Earl E. James, and George Miller, Sr., Oklahoma City, for plaintiff in error.

C. E. Hall, Oklahoma City, for defendants in error.

PER CURIAM.

This appeal arose from an action for rescission of a contract of sale and for cancellation of certain notes and mortgages connected with the sale, as well as the return of the consideration paid as a downpayment on the sale, of a hotel business in Oklahoma City, Oklahoma. The basis of the cause of action is the alleged material misrepresentation of certain facts concerning the gross and net income of the business, as well as the denial of the defendant, that any illegal whiskey business was conducted at the hotel. The parties will be referred to by their trial court designations.

The defendant argues her appeal under three propositions. Under the first and second of these propositions it is argued in substance, that the judgment is against the clear weight of the evidence. The record is voluminous, and we do not believe that a detailed recitation of the evidence is necessary. The testimony was conflicting. However, there was evidence presented concerning the representation by the defendant, the owner-manager of the hotel, to the plaintiffs, that the hotel was grossing $3,000 per month with a net income of approximately $1,500 per month. This statement of fact was shown to be substantially incorrect. The defendant was also specifically asked by the plaintiffs whether there was any liquor being sold at the hotel. This inquiry was answered in the negative. The testimony showed that this statement, too, was not correct. The former husband

of the defendant held a retail liquor dealer's license from the U. S. Government covering the premises used as the hotel at the time the statement was made, and the local police department had made some twenty raids on the business and had confiscated several hundred bottles of whiskey in the building within the preceding year. There was also testimony that the defendant, herself, had sold whiskey at the registration desk of the hotel.

These two misrepresentations were of existing facts which were material to the plaintiffs in their decision to purchase the hotel and which were within the personal knowledge of the defendant. The trial court was correct in finding that the defendant knowingly made these misrepresentations. It is no defense to a rescission of the contract that the plaintiffs might have discovered the true state of facts by diligent inquiry. Greene v. Humphrey, Okl., 274 P.2d 535. The defendant undertook and purported to give them the correct information; the information concerned facts which were material to the plaintiffs' decision; the plaintiffs were entitled to rely upon that information; the information given them was not true. When they discovered that the defendant had misrepresented the facts to them the plaintiffs promptly, within nine days, sought to cancel the contract and return the business to the defendant. The defendant would not rescind. The plaintiffs have done everything that was required of them before being entitled to seek equitable relief. All the elements relating to the proof of actionable fraud as set forth in Littlefield v. Aiken, 130 Okl. 142, 265 P. 1054, were established in this case by a substantial preponderance of the evidence. The judgment was not against the clear weight of the evidence. Haskins v. Felder, Okl., 270 P.2d 960.

■■ Under her final proposition the defendant refers to several different matters. Her summary of this proposition is that "the judgment rendered was not fair and equitable." It is asserted that "only partial relief" was granted and that the court erred in refusing to appoint a receiver for the hotel pending the trial. There is no merit to any of these contentions. The only affirmative relief sought by the defendant was a judgment on the note, foreclosure of the mortgage, and a return of the property. The trial court denied it. Although in her pleadings she asked for the appointment of a receiver, she did not call this to the court's attention until late in the course of the trial, and even though a pre-trial conference was held, did not then insist that the court act on the matter. She cannot, therefore, complain. By consent of the plaintiff, the defendant entered into possession of, and has been operating, the hotel since the judgment was rendered in the trial court. There has been no need of a receiver since that time.

We have been shown nothing that was left undecided by the court's judgment that was an issue in the case, or about which the defendant requested a determination; nor have we been shown in what manner the judgment was unfair and inequitable. If the defendant desires an accounting, the judgment specifically leaves this matter open for determination upon her request, although it was not an issue raised by the pleadings. However, the record discloses that the plaintiffs suffered a financial loss of approximately $100 per month for the period of time the business was operated by them pending the outcome of this action.

In accord with the foregoing, the judgment is affirmed.

■ Under Tit. 12 O.S.1951 § 971, and the rules of this court, the defendants in error have asked and are entitled to judgment on the supersedeas bond. It is therefore decreed that the defendants in error, Vernon E. Burnet and Bernice K. Burnet, have and recover of Mrs. N. L. Noble, principal, and National Surety Corporation, a corporation, surety, the sum of $4,658.66, the amount of the judgment, together with interest at the rate of six percent per annum from January 2, 1954, until paid, and costs, not exceeding, however, the amount of the bond obligation, such judgment to be entered and enforced by the trial court, as if there rendered.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. NEASE, and approved by Jean R. REED and J. W. CRAWFORD, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

JOHNSON, C. J., WILLIAMS, V. C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.