Charles C. BAXLEY et al., Plaintiffs in Error,

v.

Ruby Lee TIMMS, Defendant in Error.

No. 37593.

Supreme Court of Oklahoma.

Sept. 24, 1957.

Rehearing Denied Oct. 22, 1957.

Durward F. Mathis, Dallas, Tex., for plaintiffs in error.

Ryan Kerr, Altus, for defendant in error.

WILLIAMS, Justice.

This action was brought by Ruby Lee Timms, hereinafter referred to as plaintiff, against Charley C. Baxley, R. A. Baxley, Thelma E. Dixon, and the unknown heirs, executors, administrators, devisees and assigns of Thomas A. Baxley, deceased, hereinafter referred to as defendants, to quiet title to three tracts of land situated in Tillman County, Oklahoma. The named defendants, by answer and cross-petition, attacked the validity of the deeds upon which plaintiff's title is based and asserted that plaintiff holds only the bare legal title to the property involved in trust for the heirs and legal representatives of Thomas A. Baxley, deceased. The trial court rendered judgment for the plaintiff, and defendants appeal.

Plaintiff married Thomas A. Baxley in 1934, at which time she was 28 years of age and he was 62 years of age. At the time of such marriage, Mr. Baxley owned the three tracts of land involved in this action, each of which was subject to a mortgage indebtedness of between three and four thousand dollars. In 1937 and 1941 Mr. Baxley deeded these three tracts of land to the plaintiff, apparently as a gift. In 1949, some marital difficulties developed between Baxley and the plaintiff and Baxley contemplated seeking a divorce. No divorce was ever secured, however, and the parties were apparently later reconciled. At the time a divorce was being contemplated, Baxley made

an affidavit entitled "Notice of Ownership of Property" which he recorded in Tillman County, and which affidavit alleged that the tracts of land here involved were transferred of record by him to the plaintiff, his wife, to hold in trust only, for affiant, Baxley, and that Baxley was the true owner of all of said property. On April 18, 1950, Thomas A. Baxley again deeded the three tracts of land here involved to plaintiff by warranty deed, which deed contained a specific provision that the purpose thereof was to release and extinguish the notice of ownership or affidavit of ownership above referred to. Such deed was recorded upon the same day it was executed. In May of 1950, Thomas A. Baxley was severely injured in an automobile wreck, and in July, 1950, said Baxley was adjudged incompetent to attend to his affairs by the County Court of Tillman County, Oklahoma, and was never thereafter adjudged competent. Baxley died on or about January 23, 1953. Defendants are all of the children of Thomas A. Baxley by a former marriage.

As their first proposition of error, defendants assert that the evidence shows that the deeds executed in 1937 and 1941 conveyed only the bare legal title to plaintiff and that Thomas A. Baxley during his lifetime retained the full beneficial interest therein, and that therefore, said deeds should have been cancelled, set aside and held for naught.

As their second proposition of error, defendants assert that the evidence shows that the 1950 deed was obtained by plaintiff as the result of her "constructive fraud", undue influence and overreaching of Thomas A. Baxley, by means of her confidential relation with him, and that therefore, said deed should have been cancelled, set aside and held for naught. These two propositions will be considered together.

The first proposition would appear to be material only in the event that the second proposition is well taken, because, even though the 1937 and 1941 deeds conveyed only the bare legal title to the plaintiff, and

Thomas A. Baxley retained the full beneficial interest in the property as contended, still the 1950 deed specifically released or conveyed the beneficial interest to plaintiff and so long as the 1950 deed is valid and uncancelled, plaintiff would be entitled to a judgment quieting her title regardless of the effect of the 1937 and 1941 deeds. With respect to the 1950 deed, defendants contend that the same was obtained by plaintiff as the result of constructive fraud, undue influence and overreaching. The judgment of the trial court was tantamount to a finding that such was not the case. Defendants' second proposition is therefore in effect a contention that the judgment of the trial court is against the clear weight of the evidence.

While there was some evidence tending to support defendants' theory, we cannot say that the trial court's judgment is against the clear weight of the evidence. Even defendants' evidence indicated for the most part that at all times up until the injury incurred in the automobile accident, Thomas A. Baxley was a "keen-minded" business man, mentally alert, capable of handling his own affairs, and knew what he was doing. Defendants themselves produced the evidence which seemed to be most compelling to the trial court, which was the testimony of the lawyer who had prepared the 1950 deed. This lawyer was the same lawyer who had represented Mr. Baxley in his domestic trouble with the plaintiff and who had prepared the affidavit and notice of claim of ownership for Mr. Baxley. This lawyer testified that prior to preparing the 1950 deed for Mr. Baxley's execution, he had talked with Mr. Baxley privately at length, and that Mr. Baxley knew what he was doing, knew the import of the deed, and wanted it drawn as it was drawn.

Defendants cite Sims v. Russworm; 192 Okl. 330, 136 P.2d 942; Bruner v. Cobb, 37 Okl. 228, 131 P. 165, L.R.A.1916D, 377; Powell v. Hughes, 189 Okl. 241, 116 P.2d 896; and Graff v. Holliday, 172 Okl. 503, 45 P.2d 1065, as authority for the proposition that:

"Where there is a great weakness of mind in a person executing a conveyance of land, arising from age, sickness, and any other cause, though not amounting to an absolute disqualification, and the consideration shown to have been given is grossly inadequate, a court of equity will, on proper and seasonable application on the part of the grantor, his representatives or heirs, interfere and set the conveyance aside." [192 Okl. 330, 136 P.2d 943.]

Such proposition is not applicable here, however, as the evidence does not indicate a greatness of mind on the part of Thomas A. Baxley, but on the contrary indicates the exact opposite.

■ In a case of equitable cognizance, this court will weigh the evidence, but unless the findings and judgment of the trial court are clearly against the weight of the evidence, such findings and judgment will not be disturbed on appeal. Beall v. Fergeson, 177 Okl. 216, 58 P.2d 598.

We are of the opinion and hold that the judgment in the instant case is not against the clear weight of the evidence.

■ As their third and last proposition, defendants contend that the trial court erred in sustaining plaintiff's motion to strike defendants' third cause of action, and defendants' third cause of action as amended.

In their cross-petition, defendants pleaded, as a third cause of action, that in 1947 and 1948, plaintiff had purchased two specifically described pieces of real property in Wichita County, Texas; that the consideration paid for such real property was acquired during the marriage of plaintiff and Thomas A. Baxley, and such property was therefore under the laws of the State of Texas, the common or community property of the plaintiff and the said Thomas A. Baxley; that plaintiff had sold such real property on or about February 3, 1951, after the said Thomas A. Baxley had been declared an incompetent, and that plaintiff had received all of the consideration therefor in the sum of $24,750; that plaintiff had collected all the rents and profits from said property from the time Thomas A. Baxley was adjudged incompetent until the time of the sale of the property, in the total amount of $2,400; that defendants were entitled to judgment against plaintiff for half of the consideration received for said property and half of the rents and profits collected, in the total amount of $13,575. Plaintiff moved the court to strike such third cause of action on the ground that the same was not germane to the action brought by plaintiff to quiet her title to the property located in Tillman County, Oklahoma, and the trial court sustained such motion. The allegations of said third cause of action do not appear to be in any manner germane to the original controversy, that is, the action to quiet title to the land in Tillman County, Oklahoma, and the court therefore did not err in ordering the same stricken. Methvin v. American Savings and Loan Association of Anadarko, Oklahoma, 194 Okl. 288, 151 P.2d 370; Hawkins v. Mattes, 171 Okl. 186, 41 P.2d 880; Patterson v. Central State Bank, 75 Okl. 147, 182 P. 678; Tracey v. Crepin, 40 Okl. 297, 138 P. 142, 143.

In the case of Tracey v. Crepin, supra, the Court said:

"A cause of action set up in a cross-bill must be germane to the original controversy; and where a defendant seeks to set up new and distinct matter, not maintainable under the provisions of the Code as a counter claim, unless such matter is involved in a proper determination of the subject-matter of the original suit, a defendant will be required to litigate it in a separate action."

The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.